**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3221
_____

JOSEPH LYNCH,

Appellant

v.

MATTHEWS INTERNATIONAL, Successor in interest to other IDL WORLDWIDE,
INC.;  TIM CIOCCIO, an individual; JOHN MAZOK, an individual;
STEVE MILLER, an individual
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 2:08-cv-01717)
Magistrate Judge:  Hon. Amy Reynolds Hay[*]

Submitted Under Third Circuit LAR 34.1(a)
May 11, 2011

Before:  SMITH, CHAGARES, and VANASKIE, <u>Circuit</u> <u>Judges</u>.

(Filed: June 3, 2011)

_____

OPINION
_____

---

[*] The parties consented to trying the case before a magistrate judge pursuant to 28 U.S.C.
§ 636(c)(1).

CHAGARES, Circuit Judge.

Joseph Lynch appeals the District Court's grant of summary judgment in favor of Matthews International. For the reasons set forth below, we will affirm.

I.

Because we write solely for the benefit of the parties, we will only briefly recite the facts. Prior to beginning work for Matthews International, Lynch suffered an injury to his left foot that required monthly nerve block injections. So long as he received these injections, Lynch was not limited in any major life activity. When he began his employment at Matthews International, Lynch worked the second shift, allowing him to continue to receive these injections without any accommodation from his employer. Following a transfer to a facility that did not have a second shift, Lynch was permitted to miss work to receive the injections, but was required to use sick or vacation time to do so. Lynch was terminated in 2007, allegedly because of a reduction in force, although Lynch maintains that it was due to his regular need for time off to receive the nerve block injections.

Lynch filed suit in the Western District of Pennsylvania, alleging that the defendants had violated Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act ("ADA"), the Family and Medical Leave Act, and the Pennsylvania Human Relations Act. The District Court granted summary judgment on all counts following the defendants' motion. On appeal, Lynch challenges only the grant of summary judgment as to his ADA claim against Matthews International, and specifically the District Court's conclusion that he was not disabled within the meaning of the ADA.

2

II.

The District Court had jurisdiction over this case pursuant to 28 U.S.C. § 1331 and this Court has jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over the grant of summary judgment. Pichler v. UNITE, 542 F.3d 380, 385 (3d Cir. 2008).

III.

In order to establish a prima facie case of disability discrimination under the ADA, an individual must show that "(1) he is a disabled person within the meaning of the ADA; (2) he is otherwise qualified to perform the essential functions of the job; and (3) he has suffered an otherwise adverse employment decision as a result of discrimination." Gaul v. Lucent Techs., 134 F.3d 576, 580 (3d Cir. 1998). To establish a qualifying disability, the plaintiff must show either that he has "a physical or mental impairment that substantially limits one or more major life activities," or that he has a record of such an impairment or is regarded by his employer as having such an impairment. 42 U.S.C. § 12102(2) (2008).

Lynch's argument is brief and straightforward: discrimination against an individual because of the measures taken to mitigate a physical impairment must constitute disability discrimination under the ADA. Lynch recognizes that this case is controlled by the Supreme Court's decision in Sutton v. United Airlines Inc., 527 U.S. 471 (1999).[1] In that case, the Supreme Court acknowledged that for purposes of establishing whether an individual has an impairment that substantially limits a major

---

[1] We note that with the passage of the ADA Amendments Act of 2008, Sutton would not be controlling if the conduct occurred today. Sutton did, however, provide the relevant law at the time that the complained-of conduct occurred in this case.

3

life activity, courts must consider mitigating measures taken by the individual to correct the impairment; if, with mitigating measures, the impairment no longer substantially affects a major life activity, the individual would not qualify as disabled under the ADA. Id. at 482-83. Applying that precedent to the present case, the District Court concluded that Lynch could not bring suit under the ADA, because his mitigating measures were successful enough that he was not substantially limited in a major life activity. Although citing no cases, Lynch states simply that "it is fundamentally unfair to permit an employer to rely on these mitigating measures to deny that an employee has a disability, while terminating the employee for seeking those same mitigating measures." Lynch's Br. at 5.

While we agree with Lynch that such a system is, perhaps, less than ideal, it is the statutory framework that was in place at the time that Lynch suffered his adverse employment action. Our first step in analyzing a claim under the ADA is to determine whether the individual qualifies as disabled under the ADA. See Taylor v. Phoenixville Sch. Dist., 184 F.3d 296, 305-06 (3d Cir. 1999). In the present case, Lynch does not contest that he was taking mitigating measures that resulted in his not being substantially limited in a major life activity. Further, he does not assert that he was discriminated against because he was regarded as having a disability or because of a record of having a disability; instead, he argues that he was discriminated against because he took mitigating measures to prevent himself from having a disability. Unfortunately, at the time that any such conduct occurred, it was not prohibited by the ADA. Because Lynch was not

4

disabled within the meaning of the ADA, he could not bring suit under that Act, and the District Court acted properly in granting summary judgment.

## IV.

For the foregoing reasons, we will affirm the judgment of the District Court.